UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JUAN D. MORA, | ) | CASE NO. 5:06 CV 1471 |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JULIUS WILSON, | ) | AND ORDER |
| Respondent. | ) | |

On June 15, 2006, petitioner pro se Juan D. Mora filed the above-captioned habeas corpus action under 28 U.S.C. § 2254. Mora is incarcerated in an Ohio penal institution, having been convicted of corruption of a minor (3 counts), felonious sexual penetration (4 counts), rape (3 counts) and gross sexual imposition (9 counts), in May 1990. For the reasons stated below, the petition is denied and this action is dismissed.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States. Furthermore, the petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254. Finally, persons in custody pursuant to a state court judgment must file any federal habeas petition within one year of the latest of:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Mora's direct appeals were exhausted when the Ohio Supreme Court did not accept his case for review. State v. Mora, 61 Ohio St.3d 1419 (1991). He filed a complaint for declaratory judgment and injunctive relief in the trial court in October 2002, asserting his sentence did not comply with the Ohio statutory provisions in place at the time of sentencing. The complaint was dismissed on January 3, 2003, and Mora did not appeal. Instead, he filed a complaint in mandamus in the Ohio Court of Appeals in October 2003, which was denied on the ground that his claim was barred by the doctrine of res judicata. This decision was affirmed in an opinion of the Ohio Supreme Court. See, State ex rel. Mora

v. Wilkinson, 105 Ohio St.3d 272 (2005).

It is evident on the face of the petition that over 16 years passed from the date of his conviction to the filing of Mora's petition.  His November 2003 postconviction motion cannot "retrigger" the statute of limitations, under these circumstances, for bringing a federal habeas action.  Cf. Searcy v. Carter, 246 F.3d 515 (2001)(delayed appeal); Thompson v. Chandler, 55 Fed.Appx. 758, 2003 WL 343249 (6th Cir. Feb. 12, 2003) (postconviction motion).  Further, none of the other circumstances set forth in 28 U.S.C. § 2244(d)(1) is claimed to apply, and there is no reasonable suggestion of a basis for tolling the one year statute of limitations.  Therefore, the petition must be dismissed as time-barred.

Accordingly, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

Dated: September 18, 2006          *s/     James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE